KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

HARRY YEE  #3790
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: Harry.Yee@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| PAULA ALDIS and Command Master Chief CHRISTOPHER ALDIS, USN, Individually and as Next Friends of Their Minor Child, K.A., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CIVIL NO. 17-00583 KJM <br><br> DEFENDANT UNITED STATES OF AMERICA'S ANSWER TO COMPLAINT; CERTIFICATE OF SERVICE |
|---|---|

DEFENDANT UNITED STATES OF AMERICA'S
ANSWER TO COMPLAINT

Comes now defendant, United States of America, by and through its attorneys, and hereby submits its answer in the above matter and in response to Plaintiffs' complaint alleges and avers as follows:

1.   As to paragraph 1, Defendant admits the allegations.

2. As to paragraph 2, Defendant is without sufficient information to admit or deny, and therefore denies these allegations.

3. As to paragraph 3, Defendant is without sufficient information to admit or deny, and therefore denies these allegations.

4. As to paragraphs 4-11, Defendant admits the allegations.

5. As to paragraphs 12-13, Defendant is without sufficient information to admit or deny, and therefore denies these allegations.

6. As to paragraphs 14-15, Defendant admits the allegations.

7. As to paragraph 16, Defendant denies the allegations.

8. As to paragraph 17, Defendant admits the allegations.

9. As to paragraph 18, Defendant denies the allegations.

10. As to paragraph 19, Defendant admits the allegations.

11. As to paragraph 20, Defendant is without sufficient information to admit or deny, and therefore denies these allegations.

12. As to paragraph 21, Defendant denies the allegations.

13. As to paragraph 22, Defendant admits the allegations.

14. As to paragraph 23, Defendant admits the allegation

"*Defendant told Plaintiff she needed to receive counseling and sign an informed consent form*". Deny the remaining allegations of this paragraph.

15. As to paragraphs 24-30, Defendant denies the allegations.

16. As to paragraph 31, Defendant admits the allegations.

17. As to paragraph 32, Defendant denies the allegations.

18. As to paragraph 33, Defendant admits the allegations.

19. As to paragraphs 34-36, Defendant denies the allegations.

20. As to paragraphs 37-41, Defendant admits the allegations.

21. As to paragraph 42, Defendant is without sufficient information to admit or deny, and therefore denies these allegations.

22. As to paragraphs 43-44, Defendant admits the allegations.

23. As to paragraphs 45-46, Defendant denies the allegations.

24. As to paragraph 47, Defendant admits the allegations.

25. As to paragraph 48, Defendant denies the allegations.

26. As to paragraphs 49-52, Defendant is without sufficient information to admit or deny, and therefore denies these allegations.

27. As to paragraphs 53-55, Defendant denies the allegations.

28. As to paragraph 56, all prior responses are herein restated.

29. As to paragraph 57, Defendant expressly denies all allegations of negligence. Defendant admits it has vicarious liability for the acts of its employees.

30. As to paragraphs 58-61, Defendant denies the allegations. Defendant expressly denies all allegations of negligence.

31. As to paragraph 62, all prior responses are herein restated.

32. As to paragraph 63, HRS §671-3(b) enumerates but does not limit or establish what constitutes informed consent and the prevail standard of care in the medical community.

33. As to paragraphs 64-69, Defendant denies the allegations.

34. As to paragraph 70, all prior responses are herein restated.

35. As to paragraph 71, Defendant denies the allegations. Defendant expressly denies all allegations of negligence.

36. As to paragraph 72, all prior responses are herein restated.

37. As to paragraph 73, Defendant denies the allegations.

Defendant expressly denies all allegations of negligence.

**AFFIRMATIVE DEFENSES**

In addition to the responses and defenses stated above, Defendant pleads the following affirmative defenses:

FIRST AFFIRMATIVE DEFENSE

Plaintiffs' causes of action has failed to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Defendant, through its employees and agents, acted with due care and diligence at all relevant times.

THIRD AFFIRMATIVE DEFENSE

The injuries to Decedent were not proximately caused by the alleged negligent acts or omissions of Defendant's employees and agents, but were the natural and inevitable consequences of her underlying medical condition, injury, or disease.

FOURTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiffs is subject to the limitation on damages for pain and suffering imposed by HRS § 663-8.7 (2008).

FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are limited pursuant to 28 U.S.C. 2675(b), to the amount of the administrative claims presented to the Tripler Army Medical Center.

SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs allege negligence in the

5

treatment of Decedent by Defendant's employees, there may be comparative negligence on the part of the decedent for failure to adequately inform, to follow-up on treatment, and to maintain his health. Decedent's comparative negligence is not recoverable but should be used to reduce any recovery sought in this action.

## SEVENTH AFFIRMATIVE DEFENSE

(Failure to Meet Expert Medical Evidence Requirement)

Plaintiffs' recover is precluded by their failure to present expert medical evidence in support of their claims as required under Hawaii law. Plaintiffs are required to demonstrate under the Hawaii law governing medical negligence claims, that the question of negligence must be decided by reference to relevant medical standards of care for which the plaintiff carries the burden of proving through expert medical testimony. Craft v. Peebles, 78 Haw. 287, 298, 893 P.2d 138 (Haw. 1995). Also, under Carr v. Strode, 79 Haw. 475, 485, n. 6, 904 P.2d 489 (Haw. 1995) medical negligence must be established by reference to the "prevailing standards of conduct in the applicable medical community".

## EIGHTH AFFIRMATIVE DEFENSE

(Negligence of Third Parties)

The injuries and/or damages alleged by plaintiffs was caused, in whole or in part and if any is deemed to exist, by the negligence

of third parties for which the United States is not responsible.

NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiffs' recovery, if any, must be reduced to the extent he failed to mitigate their alleged damages.

TENTH AFFIRMATIVE DEFENSE

(Superseding and Intervening Cause)

In the event the United States is found to have been negligent, which negligence the United States denies, the superseding and intervening negligence of third parties for whom the United States cannot be held liable broke any causal connection between the United States' negligence and the plaintiff's alleged injuries, thereby cutting off the legal effect of the United States' negligence.

ELEVENTH AFFIRMATIVE DEFENSE

(Offset)

The United States is entitled to an offset for any medical care it provided to decedent or any Tricare benefits received by Plaintiffs as a result of the subject matter of this action. The vast majority of courts to consider this issue have concluded that Tricare benefits are not a collateral source, holding that they are benefits derived from general revenues of the United States, and that an award must be reduced to the extent of such benefits. Mays, 806 F.2d at 978; Murphy, 2009 WL 454627 at *6; Williamson, 2015 WL 3734153 at *3; Harvey v. United States, 09-00122, 2013 WL 2898785 (W.D. Ky. June 13, 2013); but see Murphy

v. United States, 836 F. Supp. 350, 354 (E.D. Va. 1993)

TWELFTH AFFIRMATIVE DEFENSE

(No Prejudgment Interest)

Plaintiffs cannot recover any amount for prejudgment interest against the United States under FTCA. 28 U.S.C. § 2674.

THIRTEENTH AFFIRMATIVE DEFENSE

(No Punitive Damages)

Plaintiffs cannot recover punitive damages against the United States under the FTCA. 28 U.S.C. § 2674.

FOURTEENTH AFFIRMATIVE DEFENSE

(42 U.S.C. § 233(k))

Any recovery by plaintiffs from the United States is subject to the availability of Congressionally appropriated funds.

FIFTEENTH AFFIRMATIVE DEFENSE

(No Equitable Relief)

To the extent that plaintiff's Complaint requests equitable relief, not monetary damages, it is not cognizable under the FTCA. 28 U.S.C. § 1346(b)(1).

SIXTEENTH AFFIRMATIVE DEFENSE

(No Attorney's Fees)

Plaintiff cannot recover any separate amount for attorney's fees in this action. 28 U.S.C. 2412(d)(1)(A). Any attorney's

fees are capped by the FTCA and must be paid out of any judgment awarded. 28 U.S.C. § 2678.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Limited By FTCA)

Plaintiffs' cause of action is subject to, and limited by, the Federal Torts Claims Act, 28 U.S.C. sections 1346(b), 2671 et seq.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Present Value)

All future damages, if any, must be reduced to present value.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Jury Trial)

The Federal Tort Claims Act does not permit a jury trial against the United States of America.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Additional Defenses)

The United States reserves the right to assert additional affirmative defenses as their applicability is discovered throughout this case.

The United States reserves the right to amend its Answer with additional defenses of which it may become aware as discovery progresses and to raise any other matter constituting an avoidance or affirmative defense.

WHEREFORE, Defendant prays that a judgment of reasonable cost be rendered for the suit and for such other, and further relief as this Court may deem just.

DATED: February 23, 2018, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii

   /s/ Harry Yee
By_____
  HARRY YEE
  Assistant U.S. Attorney

Attorneys for Defendant
UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

| | |
|---|---|
| JOACHIM P. COX, ESQ. | Jcox@cfhawaii.Com |
| ROBERT K. FRICKE, ESQ. | Rfricke@cfhawaii.Com |
| ABIGAIL M. HOLDEN, ESQ. | Aholden@cfhawaii.Com |

800 Bethel Street, Suite 600
Honolulu, Hawai'i 96813

Attorneys for Plaintiff

Dated: February 23, 2018, at Honolulu, Hawaii.

/s/ Valerie Domingo
_____
U.S. Attorney's Office
District of Hawaii